IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

oooOooo

DAVID WORRELL,
Plaintiff,

V.

PECO INSURANCE LLC,
COVER WHALE,
PROGRESSIVE MOUNTAIN INSURANCE CO,
CAPITAL PREMIUM FINANCING, LLC,
JULIO BATISTA, and
DIANELYS ZAMORA,
Defendants.
_____/

FILED
CHARLOTTE, NC

JAN 0 3 2023

US DISTRICT COURT
WESTERN DISTRICT OF NC

Civil No. 3:23-cv-4-RJC

## ORIGINAL COMPLAINT

Plaintiff David Worrell files this original complaint from damages arising from unfair and deceptive practices of the defendants. The plaintiff will respectfully show that defendants Peco Insurance, LLC (hereinafter "Peco"), Cover Whale (hereinafter "Cover"), Progressive Mountain Insurance Co., (hereinafter "Progressive"), Capital Premium Financing (hereinafter "Capital"), agents Julio Batista (hereinafter "Batista"), and Dianelys Zamora, (hereinafter "Zamora") acted unreasonably in the evaluation, processing and the claimant's coverage under insurance policies. In support of this complaint plaintiff alleges the following:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship.

3. Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. § 1391 and because a substantial portion of the events forming the basis of this suit occurred in this District.

## II. PARTIES AND PERSONAL JURISDICTION

4. Plaintiff David Worrell is an individual residing in Georgia.

5. Upon information and belief, Peco is a LLC, engaged in the insurance business, regularly conducts business in North Carolina, and has a principal place of 1805 Sardis Road, North Charlotte, NC 28270. Cover Whale, is engaged in the insurance business, regularly conducts business in North Carolina, and has a principal place of 180 Maiden Lane, New York, NY 10038. Progressive, is engaged in the insurance business, regularly conducts business in North Carolina, and has a principal place of business of 630 Wilson Mills Rd, Mayfield Village, OH, 44143. Capital is engaged in the insurance business, regularly conducts business in North Carolina, and has a principal place of business of 12235 South 800 East Draper, UT 84020, the defendants are and/or acted as plaintiff's insurer at all times and are listed on documents related to his commercial automobile insurance policies.

6. Defendant Baptista is believed and averred to be a competent adult individual who is a citizen of North Carolina and has his usual place of employment at 1805 Sardis Road, North Carolina, NC 28270.

7. Defendant Zamora is believed and averred to be a competent adult individual who is a citizen of North Carolina and has his usual place of employment at 1805 Sardis Road, North Carolina, NC 28270.

8. At all times defendant Batista was acting as the agent, ostensible agent, servant and/or employee of defendants Peco, Cover, Progressive, and Capital.

9. At all times defendant Zamora was acting as the agent, ostensible agent, servant and/or employee of defendants Peco, Cover, Progressive, and Capital.

10. On June 2, 2021, plaintiff was named on a policy of insurance by Progressive for a total policy premium of $21,842.00.

11. On January 4, 2022, plaintiff was offered a seemingly lower premium by Peco. The premium totaled $16,604.37. Plaintiff paid an additional $734.75 to Capital in interest.

12. On January 6, 2022, Batista, sent a request to Coverwhale that a video Camera be placed in Plaintiffs truck. Coverwhale proceeded to threaten the plaintiff with cancellation of insurance if he did not install a video camera in the truck. Plaintiff installed a camera.

13. In May of 2022, plaintiffs' truck became inoperable. Plaintiff continued to make timely payments on premium.

14. On or about October 6, 2022, plaintiff requested to insure another truck. Defendants agreed contingent on a video camera being placed in his 2000 International truck. Plaintiff continued to pay premiums. Plaintiff installed a camera and was informed that the truck was too old to insure. Zamora then informed the plaintiff that the only insurance company that would cover the 2000 International was Progressive.

15. On or about October 13, 2022, Zamora requested that plaintiff pay $2,900. down on a new premium with progressive. Plaintiff paid the down payment, yet did not receive the benefit of booking loads. Peco, as an agent of CoverWhale and Progressive, canceled one policy prior to ensuring coverage was continuous. This error caused thousands of dollars in loss revenue for the Plaintiff.

16. On December 1, 2022, Plaintiff obtained another policy through Canal Insurance, which required a downpayment of $1,659.00., and monthly payments of $1,412.79.

17. One of the reasons the plaintiff purchased insurance was to gain the peace of mind that he would be financially covered in the event of an accident. The defendants were dishonest by allowing agents to steer plaintiff from company to company in a matter of months to obtain large down payments. Each time agents

misrepresented the facts of insurance contracts until after down payments were made. The reliance on the representations from the defendants was justified.

18. It is believed and averred that the defendants have a pattern and practice of not honoring promised coverages of valid insurance claims. As a result of defendants actions, plaintiff is placed under a severe financial burden, emotional distress and aggravation.

### III. FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT

19. Plaintiff repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

20. The Insurance Policies, at all times relevant and material to the case, constituted a contract between Plaintiff and Defendants.

21. Plaintiff fully performed under the contract by paying all premiums when due and by cooperating with defendants when told to switch policies. Plaintiff timely complied with all conditions precedent to his recovery herein.

22. Defendants failed to perform and materially breached the insurance contract when it failed to find insurance which was tailored to his needs. Defendants also breached the contract by failing to perform other obligations it owed Plaintiff under the Commercial Auto Policies.

23. By reason of Defendants breach they are liable to and owe Plaintiff for the actual damages he suffered as a result of defendants breach, including compensatory damages, in an amount to be established at trial but no less than the combined Policy limits together with interest and all other damages that Plaintiff may prove as allowed by law.

### IV. SECOND CLAIM FOR RELIEF
### BREACH OF GOOD FAITH AND FAIR DEALING

24. Plaintiff repeats and re-alleges the allegations in the paragraphs above as if fully set forth herein.

25. Defendants have a duty to deal fairly and in good faith with the Plaintiff. There is an implied covenant of good faith and fair dealing in every insurance contract.

This covenant obligates each party to the contract to refrain from taking any action or litigation position that would deprive the other of the benefits of the contract or cause undue hardship or harm to the other party.

26. Defendants breached its duty to deal fairly and in good faith by engaging in conduct calculated to further its own economic interests at the expense of Plaintiff.

27. As a result of the foregoing, Defendants are liable to Plaintiff for compensatory, consequential, and punitive damages in an amount Plaintiff may prove at trial but no less than the Policy's limits, all costs associated with recovering from his injuries, together with all other damages Plaintiff may prove as allowed by law.

## V. THIRD CLAIM FOR RELIEF
## VIOLATION OF NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT

28. Plaintiff repeats and re-alleges the allegations in the paragraphs above as if fully set forth herein.

29. Defendants are persons within the meaning of the North Carolina Unfair and Deceptive Trade Practices Act.

30. Defendants sold the aforesaid insurance policies to the Plaintiff and said action falls under the scope of the North Carolina Unfair and Deceptive Trade Practices Act.

31. All of Defendants aforesaid actions and/or inactions in their performance under this insurance policy were in violation North Carolina Unfair and Deceptive Trade Practices Act.

32. Defendants were deceptive in the handling of the plaintiff's insurance needs. Defendants routinely utilize the services of an outside referral service who steer consumers to insurance companies. Because defendants know said service will

secure agents who produce insurance binders requiring large down payments for capital gain. In this case Plaintiff was forced to accept coverages that did not apply to his company's individual needs.

33. In scheming to defraud its policyholder; in acting in reckless disregard for its obligations under the policy fraudulently increases their profitability; in accepting premiums without the intention to install video cameras; in hiring agents who are grossly unqualified to determine the requirements of continuous coverage for motor carriers; and in falsely misrepresenting what its responsibilities were

under the policy.

34. The above action on part of the Defendants was part of an ongoing, widespread and continuous scheme to defraud its insureds through the down payments for benefits under their policies of insurance.

35. Plaintiff's experience is not an isolated case. The acts and omission of the Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder. Specifically, Defendants received a benefit when they would suggest plaintiff policies were ineffective. Then defendants would offer alternative insurance options which its agents were affiliated with. Defendants retained thousands of dollars that should rightfully have been in Plaintiff possession.

36. As a result, all of the above Defendants are in violation of the North Carolina Unfair and Deceptive Trade Practices Act and Plaintiffs seek damages under said Act.

WHEREFORE, Plaintiffs pray for judgment against the above-named Defendants and each of them, jointly and severally, as follows:

1. For general damages in an amount in excess of policy limits;
2. For special damages in an amount in excess of policy limits;
3. For punitive damages in an amount to be determined at trial;
4. For reasonable costs of suit;

5. For interest at the statutory rate; and

For such other and further relief as the Court deems just and proper.

Done this the 23rd day of December 2022.

Respectfully submitted,

*David Worrell*
David Worrell Pro-Se